FILED
2020 SEP 22 PM 1:41
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAJUAN MICHELE LAWLEY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 1:20-cv-00098<br><br>Chief Judge Robert J. Shelby |

　　　　Petitioner Dajuan Michele Lawley pleaded guilty in May 2019 to one count of Distribution of a Controlled Substance and one count of Possession of a Firearm in Furtherance of Drug Trafficking.[1]  Pursuant to the plea agreement, Petitioner was sentenced to 78 months imprisonment.[2]  Petitioner has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, arguing his sentence violates the United States Constitution because he received ineffective assistance of counsel in the negotiation of the plea.[3]  For the reasons explained below, Petitioner's Motion is DENIED.[4]

　　　　Section 2255, among other things, permits a prisoner to move to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution."[5]  Relevant here, the Sixth Amendment provides criminal defendants with the right

---

[1] Case No. 1:18-cr-00084 (Underlying Criminal Case), dkt. 45.

[2] Underlying Criminal Case, dkt. 53.

[3] Case No. 1:20-cv-00098 (Civil Case), dkt. 1.

[4] Section 2255 requires that the court hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  The court finds the motion and record in this case conclusively shows that Petitioner is not entitled to relief, and therefore declines to hold a hearing.

[5] 28 U.S.C. § 2255(a).

to effective assistance of counsel, including during the plea-bargaining process.[6] In order to show a deprivation of this right, a defendant must satisfy a two-prong test by showing "both that his counsel's performance 'fell below an objective standard of reasonableness' *and* that 'the deficient performance prejudiced the defense.'"[7] Having reviewed Petitioner's Motion, the court concludes Petitioner has failed to satisfy either prong.

To satisfy the first prong, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[8] Here, Petitioner has failed to do so. Petitioner's Motion, in its entirety, states:

> On 11-09-18 I filed Motion for (Compel Specific Keys) it was only "looked" not filed. That my investigator reported that he put a pencil in barrel of the firearms and it fired the pencil?? The three firearms were never booked into evidence but was at D.A. office, according to investigator report.[9]

Indeed, Petitioner's Motion does not identify any act or omission of counsel. As a result, the court cannot evaluate counsel's conduct under the first prong to determine whether it fell below an objective standard of reasonableness. And because Petitioner has not identified any supposedly deficient performance under the first prong, the court also cannot evaluate whether Petitioner was prejudiced by counsel's performance. Thus, Petitioner has failed to carry his burden in demonstrating his Sixth Amendment right to effective assistance of counsel was violated, and therefore his Motion to Vacate, Correct, or Set Aside Sentence must be denied.

---

[6] *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

[7] *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

[8] *Strickland*, 466 U.S. at 690.

[9] Civil Case, dkt. 1 at 4. Petitioner's reference to his motion only being looked at—and not filed—is a reference to the fact that the court treated the motion as a document lodged with the court instead of a motion filed with the court. *See* Underlying Criminal Case, dkt. 24 ("While defendant is represented by counsel, only counsel can file motions with the Court. Therefore, the Court designates . . . 20 MOTION to Compel specific keyes filed by Dajuan Michele Lawley . . . filed by Dajuan Michele Lawley as documents lodged rather than Motions.").

## CONCLUSION

For the reasons explained above, Petitioner's Motion[10] is DENIED. The Clerk of Court is directed to close this case.

**SO ORDERED** this 22nd day of September 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[10] Case No. 1:20-cv-00098 (Civil Case), dkt. 1.